**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| A.A. b/n/f R.A. and P.A., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-03394 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant Houston Independent School District ("HISD") and

Suzy Walker's (collectively, "Defendants") motion for a more definite statement (Dkt. 3),

Defendants' motion for partial dismissal (Dkt. 4) and plaintiffs A.A. b/n/f R.A. and P.A.'s

(collectively, "Plaintiffs") motion for leave to file an amended complaint (Dkt. 7). After considering

the motions, related filings, and the applicable law, the court is of the opinion that Plaintiffs' motion

to amend the complaint (Dkt. 7) should be GRANTED, Defendants' motion for a more definite

statement (Dkt. 3) should be GRANTED, and Defendants' motion to dismiss (Dkt. 4) should be

GRANTED, in part, and otherwise DENIED AS MOOT.

**I. BACKGROUND**

Plaintiffs R.A. and P.A.'s child, plaintiff A.A., was a special education student at Travis

Elementary School, which is in HISD. Defendant Suzy Walker was the principal of Travis

Elementary School during the relevant time period. Plaintiffs claim that HISD failed to

appropriately evaluate A.A.'s speech disorder and to provide the appropriate speech therapy. Dkt.

9. Plaintiffs filed an appeal of a decision rendered by Special Education Hearing Officer Tomas

Ramirez III with regard to this issue in state court. Dkt. 1. In the appeal, Plaintiffs assert claims

related to the speech therapy as well as numerous other claims against HISD and Walker.  *Id.*

Because the appeal involved federal claims, Defendants removed the action to this court.  *Id.*

Defendants have filed a motion for a more definite statement and a motion to dismiss

Plaintiffs' claims, specifically requesting clarification as to the bases for Plaintiffs' retaliation and

free speech claims, and requesting dismissal of other claims pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  With regard to Rule 12(b)(1), Defendants claim they are entitled

to immunity from tort claims.  With regard to Rule 12(b)(6), Defendants claim that (1) Plaintiffs

cannot assert claims directly against an individual under the Individuals with Disabilities in

Education Act ("IDEA"); (2) Plaintiffs breach of contract claims fail because the IEP is not a legally

binding contract; (3) R.A. and P.A. cannot bring claims on behalf of A.A. *pro se*; and (4) Plaintiffs

are barred from suing Walker in her individual capacity.

## II.  RULE 12(b)(1)

Courts should liberally construe pleading requirements when plaintiffs bring suits *pro se*.

*Reece v. Countrywide Home Loans*, 250 F. App'x 91, 92 (5th Cir. 2007).  The pleadings are held to

"less stringent standards than formal pleadings drafted by lawyers," and even if "inartfully pleaded,

[they can be] sufficient to call for the opportunity to offer supporting evidence."  *Haines v. Kerner*,

404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

A Rule 12(b)(1) motion under Federal Rules of Civil Procedure allows a party to challenge

the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  A court

can find lack of subject matter jurisdiction in any one of three instances: (1) the complaint alone;

(2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts.  *Ramming v. United*

*States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof to counter the Rule 12(b)(1) motion. *Id.* Moreover, when a party files a Rule 12(b)(1) motion "in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* A court should grant a motion to dismiss for lack of subject matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

### A.    HISD's Rule 12(b)(1) motion

In the portion of the motion to dismiss requesting dismissal under Rule 12(b)(1), HISD claims that the court should dismiss Plaintiffs' tort claims against HISD because HISD has "sovereign immunity from tort claims." Dkt. 4 at 2. Plaintiffs stated in response that they do not assert state law tort claims. Dkt. 9 at 2. Regardless, since, as discussed in Part III, *infra*, the court is granting leave to amend, the court trusts that the amended complaint will clarify this issue. Thus, Defendants' motion to dismiss the claims against HISD pursuant to Rule 12(b)(1) is DENIED AS MOOT.

### B.    Walker's 12(b)(1) Motion

Plaintiffs sued Walker in her individual and official capacities, and Defendants argue that the claims should be dismissed under Rule 12(b)(1). With regard to the claims asserted against Walker under the IDEA, the ADA, and the Rehabilitation act, Plaintiffs may not sue Walker in her individual capacity. *See D.A. v. Hous. Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 611 (S.D. Tex. 2009) (noting that this rule is "well established") (citing *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (Section 504 of the Rehabilitation Act); *Garcia v. State Univ. of N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (Section 504 and Title II of the ADA); and *Bradley v. Ark. Dep't of Educ.*, 301

F.3d 952, 957 n.5 (8th Cir. 2002) (IDEA)).  "These statutes are meant to prevent discrimination by public agencies, not officials acting in their individual capacities." *Id*.  Therefore, to the extent that Plaintiffs allege claims against Walker in her individual capacity based on the IDEA, the ADA, and the Rehabilitation Act, the claims are DISMISSED WITH PREJUDICE.

The court defers its decision regarding whether the other claims asserted against Walker should be dismissed pursuant to Rule 12(b)(1) until after Plaintiffs have had a chance to amend their pleadings.  Accordingly, the motion to dismiss the claims against Walker pursuant to Rule 12(b)(1) with regard to all claims except the claims based on IDEA, ADA, and the Rehabilitation Act, is DENIED AS MOOT.

### III. MOTION TO AMEND AND MOTION FOR A MORE DEFINITE STATEMENT

**A.    Motion to Amend**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a court should freely give leave [to amend pleadings] when justice so requires."  "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  However, while there is a "bias" in favor of amendment, "it is not automatic." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996).  Courts must consider the following factors when determining whether to grant a request for leave to amend: "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2004).

None of these factors weighs in favor of denying Plaintiffs' motion to amend.  Therefore, Plaintiffs' motion to amend is **GRANTED**.[1]

**B.      More Definite Statement**

Defendants' move, under Rule 12(e), for a more definite statement with regards to Plaintiffs' retaliation and free speech claims.  Dkt. 3.  A party is entitled to a more definite statement if "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Defendants claim that they must have more information regarding the statutes, constitutional provisions, or common law theories that Plaintiffs claim have been violated with regard to the allegations of  "retaliation" and violations of "free speech."  Dkt. 3.  The court agrees that Plaintiffs' claims for violations of their freedom of speech and retaliation in the original pleading are vague and ambiguous and that Defendants could not reasonably prepare a response to the claims as stated.  Thus, Defendants' motion for a more definite statement (Dkt. 3) is GRANTED.  Plaintiffs are ordered to be more specific about the legal and factual bases of these claims in their amended complaint.

## IV. RULE (12) (b)(6)

**A.      Claims on Behalf of a Minor Child**

Plaintiffs R.A. and A.A. bring claims on  behalf of their minor child, A.A., *pro se*.  Defendants argue that parents cannot bring the types of claims at issue here on behalf of a minor child when they are not represented by counsel.  Plaintiffs request that, if they may not bring the claims on behalf of A.A. *pro se*, that the court appoint an attorney.

---

[1]  Plaintiffs should note that, to the extent a claim is "dismissed with prejudice" in this order, the claim cannot be re-filed in the amended complaint.

The Second Circuit has held that "in federal court a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 124 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 127 S. Ct. 1994 (2007)[2] (internal quotations omitted) (discussing claims brought under the IDEA and Rehabilitation Act). The reason is that "the choice to appear pro se is not a true choice for minors who under state law . . . cannot determine their own legal actions." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (determining that parents could not bring a racial discrimination claim on behalf of their minor daughter *pro se*). The Second Circuit reasoned that "it is not in the interests of minors to be represented by non-attorneys; rather, minors are entitled to trained legal assistance to fully protect their rights." *Wenger*, 146 F.3d at 125.

The Fifth Circuit has not specifically addressed this issue with regard to the types of claims at issue in this case, though it has recognized that several other circuits have held that a "non-attorney parent cannot appear *pro se* on behalf of a minor child." *Harris v. Apfel*, 209 F.3d 413, 415 n. 3 (5th Cir. 2000) (citing cases from the Second, Third, Ninth, Tenth, and Eleventh Circuits). The Court has, however, declined to follow the rule in cases involving the Social Security Act. *Id.* at 416-17. In *Harris v. Apfel*, the court distinguished the Second Circuit cases (*Wenger* and *Cheung*), finding that social security cases "'do not involve the subjective criteria and range of fact-finding that are characteristic of the . . . cases that led to the rule discussed in *Wenger* and *Cheung*.'" *Id.* (quoting *Maldonado v. Apfel*, 55 F. Supp. 2d 296, 303 (S.D.N.Y. 1999)). It reasoned that "the rights

---

[2] In *Winkelman*, the Supreme Court held that the parents could bring the IDEA claims on their own behalf. *Winkelman*, 550 U.S. at 531.

6

of minors in SSI appeals can be adequately protected without legal counsel—the proceedings essentially involve the review of an administrative record." *Id.* at 417. This is not a social security case, and Plaintiffs' claims involve fact-finding outside of the administrative record. *Cf. K.F. v. Hous. Indep. Sch. Dist.*, No. H-06-1306, 2006 WL 2434478, at * 1 (S.D. Tex. Aug. 22, 2006) (noting that the Fifth Circuit distinguished *Harris* from other cases, which indicated "that a non-attorney's representations of a child was prohibited for other types of claims," and holding that a parent could not bring IDEA and § 1983 claims on behalf of her son (citing *Harris*, 209 F.3d at 417)). Thus, R.A. and P.A. must retain counsel if they would like to bring the claims on behalf of A.A.

The court notes that Plaintiffs have requested to have counsel appointed. As a general matter, a litigant has no general right to a court-appointed attorney in a civil case. *See FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (explaining that the constitutional right to counsel does not apply to civil *pro se* litigants). However, counsel may be appointed under 28 U.S.C. § 1915(d) "if cases meet the stated threshold [*in forma pauperis*] requirements . . . or where exceptional circumstances are present." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (citations omitted). "No comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Id.*

Plaintiffs have not presented the court with any facts demonstrating that they meet the financial threshold for *in forma pauperis* or that there are exceptional circumstances in this case. Thus, the court DENIES Plaintiffs "motion" for the appointment of counsel. However, this denial is WITHOUT PREJUDICE, so Plaintiffs are free to file a motion and affidavit in accordance with § 1915(d) if Plaintiffs believe they can meet the appropriate standard.

Because it is unclear at this point whether Plaintiffs will qualify for appointed counsel or decide to retain counsel, Defendants' motion to dismiss the claims made on behalf of A.A. is DENIED, for now.  However, if Plaintiffs are unable to meet the standard for appointment of counsel and unwilling to retain counsel, Plaintiffs should realize that any claims brought on behalf of A.A. in the amended complaint are likely to be dismissed.

**B.      Other Claims**

With regard to the other grounds for dismissal under 12(b)(6), the motion to dismiss is **DENIED AS MOOT** because the court has granted Plaintiffs leave to amend the pleading.

## V. CONCLUSION

Defendants' motion to dismiss (Dkt. 4) the claims against Walker pursuant to Rule 12(b)(1) is **GRANTED** with regard to the claims asserted against Walker in her individual capacity under the IDEA, the ADA, and the Rehabilitation Act.  Plaintiffs' claims against Walker in her individual capacity under these statutes are **DISMISSED WITH PREJUDICE**.  Defendants' motion to dismiss (Dkt. 4) is otherwise **DENIED AS MOOT**.  Plaintiffs' motion to amend (Dkt. 7) is **GRANTED**.  Defendants' motion for a more definite statement (Dkt. 3) is **GRANTED**.  Plaintiffs shall amend their pleading in accordance with this order within 20 days of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on January 19, 2011.

_____
Gray H. Miller
United States District Judge