IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.A. b/n/f R.A. and P.A., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ACTION NO. 4:10-cv-3394 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT and SUZY WALKER, TRAVIS | § | |
| ELEMENTARY PRINCIPAL, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM, RECOMMENDATION, AND ORDER**

Pending before the court[1] are Plaintiffs' Motion to Appoint Counsel and Statement of Exceptional Circumstances (Docket Entry No. 16); Plaintiffs' Motion to Change Plaintiff's Pro Se to Parents (Docket Entry No. 17); Defendant Suzy Walker's Motion to Dismiss (Docket Entry No. 21); and Defendants' Motion for More Definite Statement and Request for a Status Conference With the Court (Docket Entry No. 25).

For the reasons set forth below, the court **RECOMMENDS** that Defendant Suzy Walker's Motion to Dismiss (Docket Entry No. 21) be **GRANTED**. Furthermore, the court **DENIES** Plaintiffs' Motion to Appoint Counsel (Docket Entry No. 16); **DENIES AS MOOT** Plaintiffs' Motion to Change Plaintiff's Pro Se to Parents (Docket Entry No. 17); and **DENIES** Defendants' Motion for More Definite Statement and

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 14.

Request for a Status Conference (Docket Entry No. 25).

## I.  **Background**

The main plaintiff in this case is A.A., a minor child, who is represented by his parents, Plaintiffs R.A. and P.A., as next friends, and who also bring the claims on behalf of themselves.[2] Plaintiffs filed this lawsuit against Houston Independent School District ("Defendant HISD" or "HISD") and Suzy Walker ("Defendant Walker"), principal of Travis Elementary School, on August 26, 2010, in the 334th Judicial District of Harris County, Texas.[3] On September 22, 2010, Defendants removed the case to this court on the basis of federal question jurisdiction.[4] Plaintiffs filed an amended complaint on February 9, 2011, along with the two pending motions concerning the legal representation of their child.[5] Subsequently, Defendant Walker filed a motion to dismiss, and Defendants collectively filed a motion for more definite statement and a request for a status conference with the court.[6]

According to Plaintiffs' amended complaint, between November 2008 and May 2010, Defendant HISD failed to give A.A. a full and individual evaluation ("FIE"), which, they allege, resulted in the

---

[2]  Plaintiffs and their representation is discussed fully below in connection with their pending motions.

[3]  See Docket Entry No. 1-1, Ex. A, Plaintiffs' Appellant Brief.

[4]  See Docket Entry No. 1, Defendants' Notice of Removal, ¶ 7.

[5]  See Docket Entry No. 16, Plaintiffs' Motion to Appoint Counsel; Docket Entry No. 17, Plaintiff's Motion to Change Plaintiff's Pro Se to Parents; Docket Entry No. 18, Plaintiffs' First Amended Complaint.

[6]  See Docket Entry No. 21, Defendant Walker's Motion to Dismiss; Docket Entry No. 25, Defendant's Motion for More Definite Statement.

2

school's failure to fully determine A.A.'s educational needs and eligibility for special education.[7] Thus, they aver, because he was not receiving necessary services, A.A. has suffered severe delay in his educational progress.[8]

On October 4, 2010, A.A.'s parents withdrew him from HISD and placed in him a private school without notice to HISD because they were concerned for his safety.[9] Plaintiffs list eight reasons leading to this decision to suddenly withdraw A.A.: (1) HISD failed to properly evaluate A.A. and provide him with necessary services; (2) HISD had A.A. privately evaluated but failed to undertake its own full evaluation of A.A.; (3) HISD failed to provide A.A. with appropriate speech therapy services leading to satisfactory progress; (4) HISD failed to adequately supervise A.A., who was hurt by other students and who received additional unexplained injuries; (5) other students and staff bullied A.A.; (6) A.A.'s speech therapist and other staff inappropriately and unnecessarily used restraints on A.A.; (7) Defendant Walker harassed R.A. and P.A. when they sought to observe their son, interfered with the R.A. and P.A.'s communication with A.A.'s teachers and related service personnel; and prohibited A.A.'s attendance at school and field trips on multiple occasions; and (8) HISD interfered with ARD meetings held on behalf of A.A., in that an HISD attorney

---

[7] See Docket Entry No. 18, Plaintiffs' First Amended Complaint, p. 1 ¶ 1.

[8] See id. at 1 ¶ 2.

[9] See id. at 1 ¶ 3.

intimidated A.A.'s parents and took over the ARD process, and in that A.A.'s parents were not permitted to have their opinions accurately stated or allowed to make corrections to the false information and factual inaccuracies that permeated the ARD deliberations.[10]

Plaintiffs make eight requests of this court: (1) an order directing HISD to provide compensatory services for the eighteen months that A.A. went without a FIE with respect to all services he had been or was subsequently found eligible for, including eighteen months of one-on-one occupational therapy services; (2) an order directing HISD to provide compensatory services for the "inappropriate and ineffective" speech services it gave A.A.; (3) an order directing HISD to provide private educational placement for the rest of this academic year; (4) an order directing HISD to reimburse A.A.'s parents for A.A.'s private placement and related special education services from the date of his withdrawal through the date of the court's order for the continuation of such services; (5) an order directing HISD to provide A.A. with speech and other related services found to be necessary for A.A. on an ongoing basis, including an appropriate assistive technology device; (6) an order directing HISD to reimburse A.A.'s parents for all outside third-party evaluations undertaken on behalf of A.A. and that were provided to HISD; (7) a finding that A.A. has been denied Free Appropriate Public Education ("FAPE"); and (8) an order

---

[10]   See id. at 1-2 ¶ 4.

4

that A.A. be awarded his attorney's fees.[11]

## II. Motions

### A. Plaintiffs' Motions

Plaintiffs have filed a new motion requesting the court to appoint counsel.[12] As the court has previously explained,[13] a litigant generally has no right in a civil case to have a court-appointed attorney. See FTC v. Assail, Inc., 410 F.3d 256, 267 (5th Cir. 2005). Counsel may be appointed only if the litigant can demonstrate the in forma pauperis requirements or show that exceptional circumstances are present. 28 U.S.C. § 1915(e)(1);[14] Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Plaintiffs' motion appears to request counsel on the basis of exceptional circumstances as well as on the basis of financial inability to hire a lawyer, although they do not explicitly invoke the latter.[15]

First, with respect to exceptional circumstances, Plaintiffs

---

[11] See id. at 2 ¶¶ 1-5, 7-9.

[12] Docket Entry No. 16, Plaintiffs' Motion to Appoint Counsel. The court has previously ruled on a motion by Plaintiffs requesting the appointment of counsel. See Docket Entry No. 13, Memorandum and Order, pp. 5-7. The court denied the motion, but without prejudice, allowing Plaintiffs to file a new motion with facts demonstrating that they meet the financial threshold for in forma pauperis status or that there are exceptional circumstances in this case. See id. at 7.

[13] See Docket Entry No. 13, Memorandum and Order, p. 7.

[14] "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

[15] See generally Docket Entry No. 16, Plaintiffs' Motion to Appoint Counsel. In spite of failing to explicitly invoke an argument that they meet the requirements for in forma pauperis status, documents filed pro se are "to be liberally construed," and the court assumes that Plaintiffs are making this argument. See Erikson v. Pardue, 551 U.S. 89, 94 (2007).

aver that HISD is operating without accreditation for general education and that the Texas Education Agency ("TEA") has placed a special monitor on HISD for special education.[16] Plaintiffs aver that they contacted nearly one hundred other parents who did not previously know this information.[17] Plaintiffs attempted to advertise in the Travis Elementary School newspaper about the formation of a support group for parents with children in special education, but, they allege, the principal pulled the advertisement without Plaintiffs' prior knowledge.[18] Plaintiffs contacted the TEA, which notified them that they did not have the power to ask HISD to notify parents about the group.[19] Plaintiffs aver that HISD had an obligation to notify the parents of children in general education so they could seek help for their children, if needed.[20] Plaintiffs also allege that HISD has one of the highest student drop-out rates of any school district in the nation.[21] Plaintiffs ask the court to appoint counsel to protect the education and safety of the children of HISD and "to expose the injustice [and] cover up of well[-]paid educational bandits who leave our children

---

[16] See id. ¶ 1 & Ex. 1, Published letter to the Houston Chronicle, dated November 25, 2010.

[17] See id. ¶ 2.

[18] See id.

[19] See id.

[20] See id.

[21] See id. ¶ 3.

naked without the benefit of good education."[22]

Second, R.A. asserts,[23] among other things, that: (1) he visited or spoke to five local attorneys, who each required between $12,000 and $30,000, plus costs, to take his case; (2) he contacted all known agencies that may have been of help, but each claimed they were short of funds and could not help; (3) he worked as an apartment manager with an annual salary of $42,000, without commission, his wife was a housewife, and he had two children; (4) he anticipated that his apartment complex would soon be defaulting on a loan, putting him out of a job; (5) he placed both children in private school, utilizing emergency funds, because of safety concerns at school; and (6) he could not transfer his children to another school district because their home was zoned to HISD.[24]

Plaintiffs have not followed any of the requirements of 28 U.S.C. § 1915, as ordered by the court if they wished to proceed in forma pauperis.[25] The materials that Plaintiffs have submitted in support of their motion are sorely lacking in the requisite detail needed to show that they meet the financial threshold for in forma pauperis status. Furthermore, the facts alleged by Plaintiffs do not show that there are "exceptional circumstances" in this case

---

[22] See id. ¶ 5.

[23] Although Plaintiffs' submission does not follow the requirements of a declaration, affidavit, or other form of sworn testimony, the court will assume, solely for the purpose of deciding this motion, that all of R.A.'s statements are true.

[24] See id. at Ex. 2, Statement of Facts and supporting evidence.

[25] See Docket Entry No. 13, Memorandum and Order, p. 7.

7

that would warrant appointment of counsel, which is a highly unusual step in an civil matter and reserved for truly exceptional cases. Accordingly, the court **DENIES** Plaintiffs' motion for the appointment of counsel.

As explained by the court in its earlier ruling, the Fifth Circuit has determined that a non-attorney parent may not appear pro se on behalf of a minor child. Harris v. Apfel, 209 F.3d 413, 415 (5th Cir. 2000). However, in Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 533 (2007), the Supreme Court found that the IDEA granted parents independent, enforceable rights. There, the Court found that a parent could pursue his or her own rights to procedural and reimbursement-related matters, including the right to a free appropriate public education under the IDEA.

As Plaintiffs R.A. and P.A. may not represent their minor child, A.A., it is **RECOMMENDED** that those claims be **DISMISSED** and the action restyled to include only R.A. and P.A. as Plaintiffs. R.A. and P.A. may assert their own claims under the IDEA. See Winkelman, 550 U.S. at 531 ("IDEA does not differentiate . . . between the rights accorded to children and the rights accorded to parents . . . . [A] parent may be a 'party aggrieved' for purposes of [IDEA] with regard to 'any matter' implicating these rights." (internal citations omitted)). In light of this recommendation, the court also **DENIES AS MOOT** Plaintiffs' motion requesting the court to change A.A.'s representation status from pro se to being

represented by his parents.

## B. Defendants' Motion for More Definite Statement

Defendants move for a more definite statement from Plaintiffs with respect to the claims they are asserting.[26] Defendants do not dispute that Plaintiffs have stated an IDEA claim in their amended complaint.[27] A party is entitled to a more definite statement if "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such is not the case here. Reading Plaintiffs' live complaint, the court finds that Plaintiffs have sufficiently plead their IDEA claim and that they have voluntarily withdrawn their other causes of action.[28] Thus, the court construes Plaintiffs' complaint as only raising issues under the IDEA.

Accordingly, the court **DENIES** Defendants' motion for more definite statement and, in addition, **DENIES** their request for a status conference with regard to this matter.

## C. Defendant Walker's Motion to Dismiss

Defendant Walker has filed a motion to dismiss all claims

---

[26] See generally Docket Entry No. 25, Defendants' Motion for More Definite Statement.

[27] See id. ¶¶ 2-5.

[28] The court earlier ordered Plaintiffs to be more specific about the legal and factual bases of their claims of retaliation and of violation of their freedom of speech, but Plaintiffs did not do so in their amended complaint. See Docket Entry No. 13, Memorandum and Order, p. 5. Plaintiffs also fail to allege causes of action under the Americans with Disabilities Act or the Rehabilitation act in their live complaint.

9

against her in both her individual and official capacities.[29] The court has found that Plaintiffs have only and, while proceeding pro se, may only assert the IDEA claim on behalf of A.A. The court has previously dismissed, with prejudice, Plaintiffs' claim under the IDEA against Defendant Walker in her individual capacity, and the court need not reconsider that decision here.[30]

With respect to Plaintiffs' claim against Defendant Walker in her official capacity as an employee of HISD, she is entitled to dismissal as a matter of law because HISD is already a named defendant in this case and Defendant Walker's presence in this law suit in her official capacity serves no purpose whatsoever. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (stating that a claim against an individual school district official or other employee in her official capacity is the same as pleading a claim against the school district itself).

Accordingly, the court **RECOMMENDS** that Defendant Walker's motion to dismiss be **GRANTED**.

### III. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant Walker's Motion to Dismiss (Docket Entry No. 21) be **GRANTED**. Furthermore, the court **DENIES** Plaintiffs' Motion to Appoint Counsel (Docket Entry No. 16); **DENIES AS MOOT** Plaintiffs' Motion to Change

---

[29] See generally Docket Entry No. 21, Defendant Walker's Motion to Dismiss.

[30] See Docket Entry No. 13, Memorandum and Order, pp. 3-4.

Plaintiff's Pro Se to Parents (Docket Entry No. 17); and **DENIES** Defendants' Motion for More Definite Statement and Request for a Status Conference (Docket Entry No. 25).

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 12th day of May, 2011.

Nancy K. Johnson
United States Magistrate Judge