**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| A.A. b/n/f R.A. and P.A., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action H-10-03394 |
| | § | |
| Houston Independent School District, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**Memorandum and Order**

Pending before the court is the Magistrate Judge's Memorandum, Recommendation, and Order ("M&R") relating to Plaintiffs' Motion to Appoint Counsel and Statement of Exceptional Circumstances (Dkt. 16); Plaintiffs' Motion to Change Plaintiff's Pro Se to Parents (Dkt. 17); Defendant Suzy Walker's Motion to Dismiss (Dkt. 21); and Defendants' Motion for More Definite Statement and Request for a Status Conference (Dkt. 25). Dkt. 27. The Magistrate Judge denied Plaintiffs' Motion to Appoint Counsel (Dkt. 16), denied as moot Plaintiffs' Motion to Change Plaintiff's Pro Se to Parents (Dkt. 17), and denied Defendants' Motion for a More Definite Statement and Request for a Status Conference. She also recommended that this court grant Defendant Suzy Walker's Motion to Dismiss (Dkt. 21), that Plaintiffs R.A. and P.A's claims on behalf of their minor child, A.A. be dismissed, and that the action be restyled to include only R.A. and P.A. as plaintiffs. *Id.*

The Magistrate Judge's recommendation to dismiss the claims made on behalf of A.A. was made in conjunction with the Magistrate Judge's discussion of Plaintiffs' Motion to Change Plaintiff's Pro Se to Parents (Dkt. 17), in which plaintiffs R.A. and P.A. appear to request to change

A.A.'s representation status from being *pro se* to being represented by his parents. *Id.* The Magistrate Judge noted that, while parents may bring claims under the IDEA on their own behalf, they may not represent a minor child *pro se*. *Id.* This court likewise informed R.A. and P.A. that they could not represent A.A. in its order dated January 19, 2011, in which it discussed Defendants' motion to dismiss the claims made on behalf of A.A. (Dkt. 4), and it advised R.A. and P.A. that if they were unable to meet the standard for appointment of counsel for A.A. or otherwise obtain an attorney, the claims made on behalf of A.A. were likely to be dismissed. Dkt. 13. In the M&R, the Magistrate Judge found that R.A. and P.A. did not demonstrate that they met the financial threshold for *in forma pauperis* status and that there were no exceptional circumstances warranting the appointment of counsel. Dkt. 27. Thus, since it appears that R.A. and P.A. do not intend to retain counsel for A.A., particularly since they did not file objections to the Magistrate Judge's recommendations, they cannot represent A.A. *pro se*, and counsel is not being appointed, dismissal of the claims made on behalf of A.A. is now appropriate.

The Magistrate Judge informed plaintiffs that they had fourteen days to submit written objections to this court. *Id.* The court has received no objections to the recommendations contained within the M&R, and more than fourteen days have passed. The court therefore presumes that plaintiffs have no objections to the M&R's recommendations. Accordingly, the court **ADOPTS** the M&R in its entirety. Defendant Suzy Walker's Motion to Dismiss is **GRANTED**. Plaintiffs' claims against Walker are **DISMISSED WITH PREJUDICE**. Additionally, all claims made by R.A. and P.A. on behalf of their minor child, A.A., under the IDEA are hereby **DISMISSED** because R.A.

and P.A. may not represent their minor child in his assertion of claims under the IDEA. Because the claims made on behalf of A.A. are being dismissed, this action shall be **RESTYLED** to include only R.A. and P.A. as plaintiffs.

It is so ORDERED.

Signed at Houston, Texas on June 3, 2011.

_____
Gray H. Miller
United States District Judge